UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUCRETIA D. SPENCER,

                Plaintiff,
   v.                                         **DECISION AND ORDER**
                                                             02-CV-758S

HSBC BANK, USA,

                Defendant.
_____

## I. INTRODUCTION

On October 29, 2002, *pro se* Plaintiff Lucretia D. Spencer commenced this employment discrimination action by filing a Complaint in the United States District Court for the Western District of New York. Presently before this Court is Defendant's Amended Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] For the reasons discussed below, Defendant's motion is granted as uncontested. Further, the case is dismissed for Plaintiff's failure to prosecute.

## II. BACKGROUND

Along with filing her Complaint in this action on October 29, 2002, Plaintiff moved to proceed *in forma pauperis*. On November 4, 2002, the Honorable David G. Larimer, United States District Judge, granted Plaintiff's motion. The Complaint alleges violations of Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act of 1990.

---

[1] In support of its motion, Defendant filed a memorandum of law, with attachments, the Declaration of James R. Grasso, Esq., with attachments, the Declaration of Tracy A. Gilmore, the Declaration of Lazar Hayward, with attachments, the Declaration of Darnell M. McCain, with attachments, and a Rule 56 Statement of Undisputed Facts. Plaintiff did not file a response.

1

On March 31, 2003, Plaintiff filed a Motion for Appointment of Counsel, which was denied by this Court on April 7, 2003. Defendant filed an Answer to the Complaint on May 8, 2003.

On May 15, 2003, this Court referred this case to the Honorable Leslie G. Foschio, United States Magistrate Judge, for all pretrial matters and for hearing and disposition of all non-dispositive motions. A pre-trial/ Rule 16(b) conference was held on August 27, 2003. Plaintiff failed to appear at that conference.

By order dated December 7, 2004, this Court directed that the parties appear before the Honorable Victor E. Bianchini, United States Magistrate Judge, for a settlement conference on January 3, 2005. Plaintiff failed to appear at that conference without explanation and no further settlement conferences were scheduled.

On November 29, 2004, Defendant filed a Motion for Summary Judgment. Defendant subsequently amended its motion on December 2, 2004.

On December 10, 2004, this Court issued a scheduling order directing Plaintiff to file a response to Defendant's Amended Motion for Summary Judgment on or before January 4, 2005. Plaintiff failed to file a response as directed.

By Order filed January 20, 2005, this Court *sua sponte* granted Plaintiff a second opportunity to file a response in opposition to Defendant's amended motion. Plaintiff was afforded until February 7, 2005 to respond and was also warned that Defendant's Amended Motion for Summary Judgment may be granted as uncontested pursuant to Local Rule 7.1(e) if she failed to respond, or that this Court may dismiss her case for

2

failure to prosecute. Plaintiff again failed to file a response as directed.

On May 11, 2005, this Court *sua sponte* issued a Final Scheduling Order providing Plaintiff a final opportunity to contest Defendant's motion by June 10, 2005, and again warned Plaintiff that her failure to respond could result in the granting of Defendant's motion as uncontested or in dismissal of this case for failure to prosecute. Plaintiff again failed to respond.

### III. DISCUSSION

Where a party shows no intention to continue prosecuting a pending action, both federal and local rules of civil procedure enable a court to dismiss the case. For the reasons that follow, this Court finds that dismissal of the instant case is warranted under Rule 7.1(e) of the Local Rules for the Western District of New York ("Local Rules") and Rule 41(b) of the Federal Rules of Civil Procedure.

**A.     Dismissal Under Local Rule 7.1(e)**

Local Rule 7.1(e) provides that:

> upon any motion filed pursuant to Federal Rules of Civil Procedure 12, 56 or 65(a), the moving party shall file and serve with the motion papers a memorandum of law and an affidavit in support of the motion and the opposing party shall file and serve with the papers in opposition to the motion an answering memorandum and a supporting affidavit. *Failure to comply with this subdivision may constitute grounds for resolving the motion against the non-complying party.*

Local Rule 7.1(e) (emphasis added).

In the instant case, Plaintiff was provided with three opportunities to file a response

to Defendant's Amended Motion for Summary Judgment and failed to do so.[2]  The amended motion was filed on December 2, 2004, more than seven months ago.  After Plaintiff failed to respond by the date set forth in the initial Scheduling Order, this Court *sua sponte* granted Plaintiff two extensions of time in which to file a response to Defendant's motion.  This Court also warned Plaintiff twice that her failure to respond may result in the granting of Defendant's motion as uncontested pursuant to Local Rule 7.1(e).  Based on Local Rule 7.1(e), this Court finds that Plaintiff's repeated failure to respond to Defendant's Amended Motion for Summary Judgment as directed warrants granting Defendant's motion as uncontested.

**B.   Dismissal For Failure to Prosecute**

This case also warrants dismissal based on Plaintiff's failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party

---

[2] The federal rules also require that a party against whom a summary judgment motion is made file a response to the motion.  Specifically, Rule 56(e) provides in its relevant part that: "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party . . . must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the other party."  The Second Circuit has held that a *pro se* litigant must be given express notice of the consequences of failing to respond to a motion for summary judgment.  See, e.g., McPherson v. Coombe, 174 F.3d 276, 280-81 (2d Cir. 1999).  Here, Plaintiff was properly served by Defendant with a "Notice to *Pro Se* Litigants Opposing Summary Judgment," which stated: "THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION by filing his/her own affidavits or other papers as required by Rule 56(e). . . . In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint."

under Rule 19, operates as an adjudication upon the merits. FED. R. CIV. P. 41(b).

Where the defendant has not moved under Rule 41(b), a court may nonetheless dismiss a case *sua sponte*. Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed. 2d 734 (1982); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). In Link, the Supreme Court noted that: "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[3] Link, 370 U.S. at 630-31.

Rule 41(b) does not define what constitutes failure to prosecute. However, the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre Corp., 682 F.2d at 42. Dismissal pursuant to Rule 41(b) falls within the court's discretion. See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion"). It is, however, "a harsh remedy to be utilized only in extreme situations." Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d

---

[3] This authority is of ancient origins. Under English common law, dismissal for lack of prosecution could be imposed if a plaintiff "suffer[ed] three terms to elapse without moving forward in the cause." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 250 (2d Cir. 2004) (citing 3 William Blackstone, *Commentaries* *451 (Univ. Chicago Press 1979) (1768)).

Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive").  This is particularly true in cases involving *pro se* litigants, where dismissal for failure to prosecute should only be granted "when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 487 (2d Cir. 1994)).

The following factors, none of which is dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate.  See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita, 16 F.3d at 485; Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)).  In the present case, these factors weigh in favor of dismissal.

### 1. Duration of Failures

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration.  See Norden Sys., 375 F.3d at 255.

In this case, Plaintiff has failed in several ways.  First, Plaintiff failed to appear

6

before Judge Foschio at the pre-trial/ Rule 16(b) conference held on August 27, 2003. Second, Plaintiff failed to appear before Judge Bianchini on January 3, 2005, for a settlement conference mandated by this Court. Third, Plaintiff failed to file a response to Defendant's motion despite this Court affording her three opportunities to do so. Clearly, the failures described above are attributable to Plaintiff alone.

With respect to the second inquiry, which concerns the duration of Plaintiff's failures, Plaintiff was first directed to respond to Defendant's motion by January 4, 2005. Plaintiff failed to respond by that date. Plaintiff was granted two extensions to file a response and failed to do so each time. Plaintiff's failures have resulted in a six-month period of delay in this case. The Second Circuit has upheld dismissal of cases involving similar periods of delay. See Chira, 634 F.2d at 666-67 (delay of six months sufficient to warrant dismissal for failure to prosecute); Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (delay of four months warranted dismissal). Thus, this Court finds that this factor weighs in favor of dismissal. In this Court's view, all delay in this case is attributable to Plaintiff and it is of significant duration.

### 2. Notice of Dismissal

The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction. See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001). In the present case, Plaintiff had adequate notice. Both the second Scheduling Order and the Final Scheduling Order granting Plaintiff extensions of time to file a response warned Plaintiff that Defendant's Amended Motion for Summary Judgment

could be granted as uncontested if she failed to respond in opposition to it. Both orders also specifically warned Plaintiff that her failure to file a response could result in dismissal of the case for failure to prosecute. Further, notice was also provided by Defendant's proper filing of a "Notice to *Pro Se* Litigants Opposing Summary Judgment." Because Plaintiff was repeatedly put on notice that her case could be dismissed due to her own inaction, this factor strongly weighs in favor of dismissal. See Lyell Theatre, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned by opposing counsel and the court that dismissal for failure to prosecute was possible).

### 3. Prejudice to Defendants

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." Lyell Theatre, 682 F.2d at 43 (citations omitted). In Lyell Theatre, however, the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. Id. at 39-40, 43. Similar to the present case, the plaintiff in Lyell Theatre continued to ignore the court's orders even after he had been warned that he was risking dismissal. Id. at 39. Under Lyell Theatre, the prejudice to Defendant in this case may be presumed. Thus, this factor weighs in favor of dismissal.

### 4. Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. See Norden Sys., 375 F.3d

at 257. In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'" Feurtado, 225 F.R.D. at 480 (quoting Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)). While Plaintiff failed to file court papers three times, this Court cannot conclude that the overall effect on docket congestion has been significant. This Court notes, however, that Plaintiff has been afforded Due Process rights in that she has been provided numerous opportunities to prosecute this case. In fact, this Court granted Plaintiff two extensions after she initially failed to file an opposition to Defendants' Amended Motion for Summary Judgment. Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process. See Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); cf. Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

     **5.**    **Consideration of Lesser Sanctions**

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. See Norden Sys., 375 F.3d at 257. Upon reviewing the entire record in this case, it is the opinion of this Court that Plaintiff has no intention to continue litigating this case. Plaintiff has twice failed to appear at scheduled conferences and has repeatedly ignored court orders by failing to file a response to Defendant's motion as directed. Given the procedural history of this case, this Court finds that any sanction short of dismissal would

9

be ineffective. See Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

### IV. CONCLUSION

Mindful of the fact that *pro se* cases should not easily be dismissed for procedural deficiencies, this Court concludes that Plaintiff's failures in this case go beyond deficiencies, and constitute actual neglect. Plaintiff has failed to diligently prosecute this action in any manner, and has failed to comply with orders of this Court. As such, this Court will grant Defendant's motion as uncontested pursuant to Local Rule 7.1(e). In addition, because each of the factors relevant to the Rule 41(b) analysis favor dismissal, this Court will dismiss this case *sua sponte* for Plaintiff's failure to prosecute.

### V. ORDERS

IT HEREBY IS ORDERED, that Defendant's Amended Motion for Summary Judgment (Docket No. 30) is GRANTED as uncontested pursuant to Local Rule 7.1(e).

FURTHER, that this case is dismissed for Plaintiff's failure to prosecute pursuant to Rule 41(b).

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:     July 29, 2005
           Buffalo, New York

                                           /s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                           United States District Judge